IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC., <br><br> Plaintiff, <br><br> v. <br><br> JUAN MANUEL VELOZ and MARIA ANGELICA VELOZ, INDIVIDUALLY and d/b/a EL BURRITO VELOZ RESTAURANT, <br><br> Defendants. | Case No.: 1:10-cv-00761 LJO JLT <br><br> ORDER WITHDRAWING FINDINGS AND RECOMMENDATION DENYING PLAINTIFF'S APPLICATION FOR DEFAULT JUDGMENT <br><br> ORDER DIRECTING PLAINTIFF TO FILE SUPPLEMENTAL BRIEFING IN SUPPORT OF THE APPLICATION FOR DEFAULT JUDGMENT |

J & J Sports Productions, Inc., ("Plaintiff") seeks the entry of default judgment against Maria Angelica Veloz, individually and doing business as El Burrito Veloz Restaurant ("Defendant"). (Doc. 17). Defendant did not oppose Plaintiff's application. The Court reviewed Plaintiff's motion and issued its Findings and Recommendations denying Plaintiff's application for default judgment because Plaintiff had not provided evidence that it was entitled to damages. In light of new evidence, the Court has taken Plaintiff's application into consideration once more, and therefore the Findings and Recommendation dated October 27, 2010, is withdrawn.

## I. Procedural History

On April 30, 2010, Plaintiff filed its complaint against Defendant and Juan Manuel Veloz, alleging violations of 47 U.S.C. § 605, *et seq.*; 47 U.S.C. § 533, et seq.; and the California Business

and Professions Code § 17200, *et seq*.  In addition, Plaintiff alleges Defendant and Juan Manuel Veloz are liable for wrongful conversion of property, arising under California State law.  Pl.'s Compl. at 3-7.  Plaintiff possessed the exclusive rights to the nationwide commercial distribution of "The Battle of East and West: Manny Pacquiao v. Ricky Hatton, IBO Light Welterweight Championship Fight Program" ("the Program"), televised on May 2, 2009.  *Id.* at 3.  Plaintiff's claims are based upon the defendants' alleged unlawful interception and broadcast of the Program.

Juan Veloz and Maria Veloz were properly served with the complaint, but failed to respond within the time prescribed by the Federal Rules of Civil Procedure.  The Court granted Juan Veloz an extension to file his answer to the complaint, which he did on September 22, 2010 (Doc. 19).  Upon application of Plaintiff, and pursuant to Fed.R.Civ.P. 55(a), default was entered against Maria Veloz on August 25, 2010 (Doc. 16).

Plaintiff filed the application for default judgment on September 14, 2010 (Doc. 17).  The Court issued its Findings and Recommendation Denying Plaintiff's Application for Default Judgment on October 27, 2010 (Doc. 21).  Plaintiff timely filed its Objections to the Magistrate Judge's Findings and Recommendations ("the Objections") on November 9, 2010 (Doc. 22).  Plaintiff provided new evidence to the Court with the Objections.  Therefore, both the application for default judgment and the Objections are now pending before the Court.

**II.   Requests for Default Judgment**

The Federal Rules of Civil Procedure govern applications to the Court for issuance of default judgment.  Where a default was entered because "a party against whom a judgment for relief is sought has failed to plead or otherwise defend," the party seeking relief may apply to the court for a default judgment.  Fed.R.Civ.P. 55(a)-(b).  An application for default judgment qualifies as a motion before the Court.  *Johnson v. Cate*, 2009 U.S. Dist. LEXIS 57942, at *2 (E.D. Cal. June 23, 2009). Therefore, Plaintiff's application  "should include briefs on the pertinent issues."  *Id.*; *see also* Local Rule 230(b).

**III.  Default Judgment against a Single Defendant**

Plaintiff seeks judgment against only defendant Maria Veloz, although another defendant (Juan Veloz) remains in the case and has submitted an answer to defend himself in the action.  In

determining whether to enter default judgment, the factual assertions of Plaintiff are taken as true because default has been entered against Defendant. *Pope v. United States*, 323 U.S. 1, 22 (1944). However, the Court is concerned about the prejudicial effect that this has on the remaining defendant's case. Under the Federal Rules of Civil Procedure,

> When an action presents more than one claim for relief. . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b). Therefore, the Court has discretion to decline entry of default judgment where a just reason exists to delay entry of a final judgment to defendant Maria Veloz.

The Supreme Court warned that "absurdity might follow" in instances where a court "can lawfully make a final decree against one defendant. . .while the cause was proceeding undetermined against the others." *Frow v. De La Vega*, 82 U.S. 552, 554 (1872). Moreover, "[c]onsiderations of fairness and the sound administration of justice are also applicable to the entry of default judgment in a case involving multiple parties or claims." *Johnson,* 2009 U.S. Dist. LEXIS 57942, at *5. The Ninth Circuit has held that a court should not enter default judgment where "the defendants are similarly situated defendants, even if not jointly and severally liable, and where delay is ncessary to avoid an inherently inconsistent result." *Id.*, citing *In re First T.D. & Investment, Inc.*, 253, F.3d 520, 532 (9th Cir. 2001).

**IV. Conclusion**

Plaintiff failed to address whether it is appropriate for the Court to enter judgment against defendant Maria Veloz while defendant Juan Veloz remains to defend in this action. Because Plaintiff did not address this issue in its application for default judgment or the Objections, it will now be given the opportunity to do so. Upon receipt of the supplemental pleadings, the Court will revisit whether default judgment is appropriate as to the single defendant and if default judgment should be entered by weighing factors set forth by the Ninth Circuit.

///

///

Therefore, the Court hereby **ORDERS**:

    1.    the Findings and Recommendations dated October, 27, 2010, are **WITHDRAWN**;

    2.    Plaintiff **SHALL FILE** supplemental points and authorities in support of the application for default judgment, addressing the issues set forth above, no later than November 30, 2010.

IT IS SO ORDERED.

Dated:   **November 12, 2010**                                   /s/ **Jennifer L. Thurston**
                                                           UNITED STATES MAGISTRATE JUDGE