IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC., <br><br>　　　　Plaintiff, <br><br>　　v. <br><br>JUAN MANUEL VELOZ and MARIA ANGELICA VELOZ, INDIVIDUALLY and d/b/a EL BURRITO VELOZ RESTAURANT, <br><br>　　　　Defendants. | Case No.: 1:10-cv-00761 LJO JLT <br><br> ORDER ADOPTING FINDINGS AND RECOMMENDATION DENYING PLAINTIFF'S APPLICATION FOR DEFAULT JUDGMENT |

　　　　J & J Sports Productions, Inc., ("Plaintiff") seeks the entry of default judgment against Maria Angelica Veloz, individually and doing business as El Burrito Veloz Restaurant ("Defendant"). (Doc. 17). Defendant did not oppose Plaintiff's application. On December 9, 2010, the Magistrate Judge recommended that Plaintiff's application for default judgment be denied. (Doc. 26). The Magistrate Judge found that application of the factors set forth by the Ninth Circuit in *Eitel v. McCool* for the entry of default judgment weighed against entry of default. Further, the Magistrate Judge found there was a just reason to delay entry of default as to the Defendant while another remained in the action to defend.

　　　　First, Plaintiff would have no other alternative by which to recover damages suffered as a result of the defendants' piracy. *See J & J Sports Prods. v. Rodriguez*, 2010 U.S. Dist. LEXIS

1

20288, at *7 (E.D. Cal. March 5, 2010). Second, the Magistrate Judge found that Plaintiff did not sufficiently state claims for a violation of the Federal Communications Act of 1934 (arising in 47 U.S.C. § 605(a)) or for conversion against Defendant given that the answer filed by Juan Veloz seemingly indicates that he, rather than Defendant, was the party who intercepted and published the program without Plaintiff's permission. Third, in considering the sum of money at stake, the Magistrate Judge found factor weighed against the entry of default judgment given the substantial amount sought. Fourth, the Magistrate Judge found that there is a possibility of dispute of material facts, as Plaintiff acknowledged, regarding the liability of each party. Finally, the Magistrate Judge found that it was unlikely that defaults entered by the Clerk of Court were not the result of excusable neglect. *See Shanghai Automation Instrument Co., Ltd. v. Kuei*, 194 F.Supp.2d 995, 1005 (N.D. Cal. 2001).

In addition to weighing the *Eitel* factors, the Magistrate Judge expressed concern that Plaintiff seeks the entry of default judgment against a single defendant while another defendant remains in the action. The intertwining nature of the liability of the defendants as it related to the operation of their business (El Burrito Veloz Restaurant) was not addressed by Plaintiff in his supplemental briefing on the entry of default against a single defendant. Therefore, the Magistrate Judge found it was in the interest of judgment to not enter default judgment against Maria Veloz while the liability of the remaining defendant was undetermined.

Although Plaintiff was granted 14 days from December 9, 2010, or until December 24, 2010, to file objections to the Magistrate's Findings and Recommendations, the Plaintiff did not do so. Notably, Plaintiff timely filed Objections to the Magistrate Judge's Findings and Recommendations dated October 27, 2010. These Objections were addressed by the Magistrate Judge in an Order Withdrawing the Findings and Recommendations (Doc. 23), in light of new evidence provided in the Objections.

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C) and *Britt v. Simi Valley United School Dist.*, 708 F.2d 452, 454 (9th Cir. 1983), this Court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the Court finds that the findings and recommendation are supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations filed December 9, 2010, are **ADOPTED IN FULL**; and

2. Plaintiff's request for the entry of default judgment against defendant Maria Veloz is **DENIED**.

IT IS SO ORDERED.

**Dated:   December 28, 2010**                     /s/ Lawrence J. O'Neill
                                         UNITED STATES DISTRICT JUDGE