UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J&J SPORTS PRODUCTION, INC., | ) Case No.: 1:10-cv-00761 LJO JLT |
| Plaintiff, | ) <br> ) FINGINGS AND RECOMMENDATION |
| v. | ) STRIKING DEFENDANT'S ANSWER AND <br> ) ENTERING DEFAULT |
| JUAN MANUEL VELOZ, et al., | ) |
| Defendants. | ) <br> ) |

I.  **Background**

On March 7, 2012, the Court issued a minute order continuing the settlement conference based upon the unavailability of key personnel for Plaintiff. (Doc. 34)  By that time, the Court had been informed that Plaintiff had attempted contact with Defendant, Mr. Veloz, several times to discuss settlement of the matter but he had not returned the messages.  Therefore, the Court ordered Mr. Veloz to return the calls placed by Plaintiff to discuss settlement options.  Id.  The Court ordered the parties to lodge settlement conference statements no later than April 16, 2012, in advance of the April 26, 2012 continued settlement conference date and advised Defendant that his failure to comply would

result in sanctions being imposed including "striking his answer and entering judgment." Id.  This order was returned by the postal service as "Undeliverable. Forward Time Expired."[1]

Plaintiff lodged its settlement conference statement but Mr. Veloz did not.  Moreover, the Court was advised by Plaintiff's counsel that Mr. Veloz did not return Plaintiff's calls—despite repeated efforts by Plaintiff to reach him—and, therefore, the parties did not have any current settlement discussions.  On April 17, 2012, the Court issued an order reciting these facts.  (Doc. 35)  The order also noted,

> **Mr. Veloz is advised that his failure to appear at the settlement conference on April 26, 2012 at 10:00 a.m. SHALL result in a recommendation that his answer be stricken and default judgment be entered against him.**

(Doc. 35 at 2)  Once again, this order was returned as undeliverable.  On April 26, 2012, the Court held the settlement conference but Defendant did not appear.  Likewise, the Court notes that Defendant did not lodge a settlement conference statement or appear that the previously scheduled settlement conference.

## II.     Analysis

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." L.R. 110.  Moreover, "[d]istrict courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules.  *See*, *e.g.*, *Ghazali v. Moran*, 46 F.3d 52, 53-54 (9 th Cir. 2995) (dismissal for failure to comply with local rules); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir.

---

[1] Notably, a forwarding order with the United States Postal Service expires after six months.  Defendant has not filed a change of address notification form.

1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan,* 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

In determining whether to dismiss an action for failure to prosecute or failure to obey a court order, the Court must consider several factors, including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Henderson*, 779 F.2d at 1423-24; *see also Ferdik*, 963 F.2d at 1260-61; *Thomspon*, 782 F.2d at 831.

In the case at hand, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal.  The risk of prejudice to the defendants also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecution of an action.  *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).  The Court will not, and cannot, hold the case in abeyance based upon Defendant's failure defend this action.  Further, the policy favoring disposition of cases on their merits is outweighed by the factors in favor of striking the answer and entering default.

This Court has warned Defendant repeatedly that he would be subject to sanctions, including striking his answer and default being entered, if he fails to comply with the Court's orders.  Thus, Defendant had adequate warning that dismissal would result from his noncompliance with the Court's order, and this satisfies the requirement that the Court consider less drastic measures than dismissal of the action.  *Ferdik*, 963 F.2d at 1262; *Henderson*, 779 F.2d at 1424.  Moreover, no lesser sanction is feasible given the Court's inability to communicate with Defendant.

## IV.     Findings and Recommendations

Defendant has failed to prosecute his case and comply with the Court's orders, and follow the requirements of the Local Rules in this action.  As set forth above, the factors set forth by the Ninth Circuit weigh in favor of dismissal of the matter.

Accordingly, **IT IS HEREBY RECOMMENDED**:

1.     Defendant's answer be **STRICKEN**;

2. Plaintiff be ordered to file its motion for default judgment within 45 days of the order adopting this Findings and Recommendations.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within fourteen days after being served with these Findings and Recommendations, any party may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **April 26, 2012**              **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE